UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ 07628
(201) 290-5761
(201) 215-9574 (fax)
liztlaw@gmail.com
*Attorney for Plaintiff*

-----------------------------------------------------------------x

JOHN NANNI,
an individual,

      Plaintiff,

v.                                                    Civ. No.:

INTERSTATE REALTY CO. L.L.C.,
a Delaware Limited Liability Company,

      Defendant.

-----------------------------------------------------------------x

## COMPLAINT

      Plaintiff, JOHN NANNI, through his undersigned counsel, hereby files this Complaint and sues INTERSTATE REALTY CO. L.L.C., a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

      1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

      2.       Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Newark District of New Jersey.

3. Plaintiff, JOHN NANNI (hereinafter referred to as "MR. NANNI" or "Plaintiff"), is a resident of the State of Delaware. Plaintiff used to reside in New Jersey and still travels there frequently to visit family and friends and for his rotary obligations as a board member of the Polio Network of New Jersey, a support group for polio survivors.

4. Plaintiff is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

5. Defendant, INTERSTATE REALTY CO. L.L.C., a Delaware Limited Liability Company, (hereinafter referred to as "Defendant"), is registered to do business in the State of New Jersey. Upon information and belief, Defendant is the owner and operator of the real property and improvements which are the subject of this action, to wit: the "Property," generally located at 225 Ridgedale Ave, Cedar Knolls, New Jersey 07927.

6. All events giving rise to this lawsuit occurred in the Essex County of New Jersey.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

7. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

8. The Property, a shopping plaza, is open to the public and provides goods and services to the public.

9. Plaintiff has visited the Property multiple times and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

10. During his most recent visit, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed

in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

11. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to good and services offered at the Property, owned, leased, and/or operated by Defendant. Additionally, MR. NANNI continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

12. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct the following barriers to access which were personally observed, encountered and which hindered Plaintiff's access:

> A. Plaintiff encountered and experienced inaccessible tenant entrance due to lack of level landing and lack of pull side clearance;
>
> B. Plaintiff encountered and experienced inaccessible parking due to excessive long and cross slopes, broken pavement, and lack of proper signage;
>
> C. Plaintiff encountered and experienced inaccessible curb ramps due to excessive slopes, lack of compliant landings at top of ramps, excessive lips, and excessively sloped side flares; and
>
> D. Plaintiff encountered and experienced inaccessible routes due to excessive long and cross slopes.

13. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is

performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

14. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

15. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased, leased to and/or operated by Defendant is in violation of the ADA;

B. That the Court enters an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enters an Order directing Defendant to evaluate and

        neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.      That the Court awards reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.      That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: February 17, 2021

                                            Respectfully submitted,

                                            By: */s/ Elizabeth T. Foster*
                                            Elizabeth T. Foster, Esq.
                                            Elizabeth T. Foster, Attorney at Law, LLC
                                            22 E. Quackenbush Ave.
                                            Dumont, NJ 07628
                                            (201) 290-5761
                                            (201) 215-9574 (fax)
                                            Liztlaw@gmail.com

                                            *Attorney for Plaintiff*